UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. HOHMAN and
AMY T. URICK,

    Plaintiffs,

v.

ESCO INSTITUTE, INC., et al.,

    Defendants.

Case No. 1:08cv354

Hon. Robert J. Jonker

**JURY TRIAL DEMANDED**

---

| | |
|---|---|
| Barry C. Kane (P45851)<br>KANE & CO., PLC<br>Attorney for Plaintiffs<br>29 Pearl St. NW<br>410 Federal Square Building<br>Grand Rapids, MI 49503<br>(616) 726-5905 (p)<br>(616) 726-5906 (f)<br>bkane@kaneplc.com | Christopher A. Mitchell (P52734)<br>BUTZEL LONG<br>Attorney for Defendants<br>350 S. Main Street, Suite 300<br>Ann Arbor, Michigan 48104<br>(734) 995-3110 (p)<br>(734) 995-1777 (f)<br>mitchellc@butzel.com |

---

### DEFENDANTS' ANSWERS TO PLAINTIFFS' INTERROGATORIES NOS. 1 - 10 TO

Pursuant Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby make the following objections and answers to Plaintiffs' First Set of Interrogatories.

### GENERAL OBJECTIONS

The following general objections are incorporated into every one of Defendants' answers, and no answer to any individual request waives these general objections.

PLAINTIFF
EXHIBIT
3
Case No. 1:08-CV-354
USDC WD MI

1. Defendants' object to Plaintiffs' requests to the extent they seek to impose obligations and duties upon Defendants' which are greater than those imposed by the Federal Rules of Civil Procedure.

2. Defendants' object to Plaintiffs' requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or by any other privilege or immunity from discovery under federal or state statutory, constitutional or common law. Any inadvertent answers or production of any document or documents that contain information that is privileged, that was prepared in anticipation of litigation or for trial, or that is otherwise immune from discovery shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such statement or document, or the subject matter thereof, or of the right of Defendants to object to the use of any such document or information during any subsequent proceeding, hearing or trial.

3. Defendants' object to Plaintiff's requests to the extent they are vague, ambiguous, overly broad and seek to impose upon Defendants an unduly burdensome search for and disclosure of information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of information or evidence admissible at trial.

4. Defendants' object to Plaintiffs' requests to the extent they are duplicative and cumulative.

5. Defendants specifically reserve all objections as to the competency, relevancy, materiality and admissibility of its answers or documents or the subject matter thereof, all objections as to burdensomeness, vagueness, over breadth and

ambiguity and all objections on any ground to the use of any answer or document, or the subject matter thereof, at trial in this action or in any other proceeding.

6. Production of documents or information responsive to Plaintiffs requests should not be construed as: (a) an admission or stipulation that the documents or information is/are relevant; (b) a waiver by Defendants of its General Objections or of the objections asserted in answers to specific requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

7. Defendants object to the "Definitions" set forth in Plaintiffs' requests to the extent that they purport to impose upon Defendants a duty to search for and/or disclose information or documents that are not within Defendants' knowledge, possession, custody, or control, nor are readily obtainable after a reasonable search.

8. Defendants object to Plaintiffs' requests to the extent they seek information or materials that are obtainable from other sources that are more convenient, less burdensome and/or less expensive than obtaining them from Defendants.

9. These answers are made solely for the purpose of this lawsuit. The following answers are based on information and writings presently available to and located by Defendants and their attorneys. Defendants have not completed their investigation of the facts relating to this matter, have not completed their discovery in this matter, and have not completed their preparation for trial. Defendants reserve the right to supplement their answers.

## ANSWERS

1. Identify by name, last known address and telephone number, all persons invited to attend or who did attend any meeting leading to or concerning the development of any text addressing green mechanical systems between July 1, 2006 and present.

**ANSWER:**

Steven H Allen   734-904-3958
6480 MEADOW CREEK DR
DEXTER, MI 48130

Thomas Meyer   920-727-1365
C/O Green Mechanical Council
307 S Commercial St / 3rd Flr
Neenah, WI 54956

Howard Weiss   800-986-3726
C/O ESCO INSTITUTE
P.O. BOX 669
EASTLAKE, CO 80614-0669

Randy Petit SR   504-273-5304
292 Alice ST
Ama, LA 70031

Tom Crandell   231-591-5813
C/O Ferris State University
1020 MAPLE ST
Big Rapids, MI 49307

Thomas Tebbe   877-394-5268
P.O. Box 128
Ida, LA 71044

Philip Campbell   702-982-6104
C/O United Assoc of Apprentices
and Journeymen of the Plumbing,
Pipefitters, and Refrigeration Local 525
760 N Lamb Blvd
Las Vegas, NV 89110

Turner Collins   877-394-5275
1517 N Courtney Oak LN
Knoxville, TN 37938

Coy Gibson   866-277-7222
6113 Perry Rd
Knoxville, TN 37914

Erik Rasmussen   866-408-8122
39 Alfred St
Toronto, ON Canada K8V2B2

Richard Benkowski 412-559-5770
3112 Hillcrest Circle
East Palestine, OH   44413

Jerry Weiss   800-726-9696
C/O ESCO Institute
PO Box 521
Mount Prospect, IL 60056

4

Michael Korcal     231-796-4702
C/O Ferris State University
1020 MAPLE ST
Big Rapids, MI 49307

Joseph Pacella    989-366-3872
C/O Ferris State University
1020 MAPLE ST
Big Rapids, MI 49307

John Hohman    231-734-3483
1620 70th Ave
Evart MI  49631

Identification of the foregoing persons should not be construed as Defendants agreement to direct contact of any of Defendants by Plaintiffs' counsel. All communications to Defendants should be directed through the offices of Defendants' counsel of record.

2.    For each version of the book offered by Defendants entitled, "Green Mechanical Systems," or dealing with similar subject, identify by page and line number those portions of text and graphics authored by persons other than by Plaintiffs.

**ANSWER:** To the extent that it seeks information respecting books "dealing with a similar subject" that are not in issue in this litigation, Defendants object to this request as vague, overbroad, and further as seeking information irrelevant to the subject matter of this litigation and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections, and in the interests of cooperation, Defendants answer that the published book titled "Green Awareness" does not contain any text or graphics authored, edited, or submitted by the Plaintiffs. The work titled "Green Mechanical Systems," was revised and printed in two versions. The versions were the product of several authors. Because both versions were the product

of work by various individuals, it is impossible to deconstruct each line to determine who wrote specific words. Few, if any, lines are intact as originally submitted.

In light of the foregoing, therefore, Defendants are able to provide information respecting the origin of the majority of each below-specified page's content.

As to the first version, contributions by authors other than Plaintiffs include:

> Pages 1, 2, 5, 6, 7, 8, 10, 11, 12, 13, 14, 16, 17, 18, 23, 24, 29, 44, 45, 46

It is noted that the first version (used in Louisiana, Michigan, and Illinois for pilot testing) did not have all of its pages numbered.

As to version two (used in Las Vegas for a train the trainer class):

> Pages i, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 18, 19, 20, 21, 22 (all except the first 25 lines), 24, 25, 42, 45, 59, 60, 61, 62, 63, 64, 65, 66, 67, 71, 74, 75

Graphics submitted by the Plaintiffs, or either of them, contained pictures and drawings obtained from manufacturers and Government sources for which releases were to be obtained, as well as other graphics and photos of questionable origin. The following pages were graphics submitted by parties other than the Plaintiffs.

Version 1

> Pages 2, 7, 8, 9, 11, 16, 17, 35, 36, 44, 45 (2 of 3), 82, 94.

Version 2

> Pages ii, iii, 7, 10, 11, 12, 15, 21, 25, 32, 35, 37, 39, 42, 51, 60, 61, 63, 71, 72, 75, 77, 79,

3. For each version of the Green Mechanical Systems certification test or other test concerning green mechanical systems offered by Defendants, identify each author, including name, address and telephone number, for those question numbers authored by persons other than Plaintiff Hohman.

**ANSWER**: To the extent that it seeks information respecting books "other test[s] concerning green mechanical systems" that are not in issue in this litigation, Defendants object to this request as vague, overbroad, and further as seeking information irrelevant to the subject matter of this litigation and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections, and in the interests of cooperation, Defendants answer that the exam used for initial pilot testing was written by John Hohman, Erik Rasmussen, Michael Korcal, Joseph Pacella, and Randy Petit Sr. The exam in current use is a collaborative effort of Randy Petit Sr., Turner Collins, Phillip Campbell, Erik Rasmussen, and Jerry Weiss. *See* answer to Interrogatory 1 for contact information.

4. For each version of a presentation on green mechanical systems offered by Defendants, identify the section of each presentation written by persons other than Plaintiffs, and identify the respective author of such section.

**ANSWER**: To the extent that it seeks information respecting presentations that are not in issue in this litigation, Defendants object to this request as vague, overbroad, and further as seeking information irrelevant to the subject matter of this litigation and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections, and in the interests of cooperation, Defendants

answer that the presentation on green mechanical systems was developed in two versions, both of which were the product of several authors, including Erik Rasmussen and Richard Benkowski.

5.  For each named Defendant other than Defendant Weiss, identify the date of formation of the respective entity, the current status of the entity, its current capital assets, and if no longer in existence, the date the entity formally ceased to do business and how and to whom any remaining assets were distributed.

**ANSWER**: To the extent that it seeks information respecting the "current capital assets, and if no longer in existence...how and to whom any remaining assets were distributed," Defendants object to this request as seeking information irrelevant to the subject matter of this litigation and otherwise not reasonably calculated to lead to the discovery of admissible evidence, and further as seeking confidential business information. Without waving the foregoing objections, and in the interests of cooperation, Defendants answer as follows as to the balance of the interrogatory:

*ESCO Institute, Inc.*

    Date of Formation: 10/23/2007

    Current Status: Active/Not in good standing

    Date of Dissolution: NA

*ESCO Press, Inc.*

    Date of Formation: 4/8/2002

    Current Status: Dissolved

    Date of Dissolution: 9/2/2003

*ESCO Press*

There is no such entity. ESCO Press is a d/b/a of Defendant Esco Institute, Inc.

*Educational Standard Corporation*

    Date of Formation: 12/21/2004

    Current Status: Dissolved

    Date of Dissolution: 5/1/2006

6. Describe the procedure followed by each Defendant to obtain the right to publish each publication offered by each Defendant between January 1, 2005 and present, and identify all documents used by each Defendant to obtain such rights.

**ANSWER**: Defendants object to this request as overbroad, and further as seeking information irrelevant to the subject matter of this litigation and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections, and in the interests of cooperation, Defendants answer as follows:

    <u>Title</u>   (documents used to obtain rights)

<u>Section 608 Certification Exam Preparatory Manual</u>

<u>Motor Vehicle Air Condition EPA Section 609 Manual</u> and Exam

<u>Troubleshooting and Servicing HVAC&R Electrical Systems</u>

<u>AnswerMan HVAC&R Reference Guide</u>

<u>AnswerMan Electricity for HVAC&R</u>

<u>AnswerMan Principles of Air Conditioning</u>

<u>Troubleshooting and Servicing Modern Refrigeration and Air Conditioning</u> (royalty agreement)

<u>Basic Refrigeration and Charging Procedures</u> (royalty agreement)

<u>Compression Systems</u> (royalty agreement)

<u>Alternative Refrigerant Blends and Oils</u> (royalty agreement)

<u>System Diagnostics and Troubleshooting Procedures</u> (royalty agreement)

<u>R 41A Universal Safety Training</u> (royalty agreement)

<u>Fundamental Refrigeration</u> (royalty agreement)

<u>Medium and High Efficiency Gas Furnaces</u> (royalty agreement)

<u>Troubleshooting and Servicing Heat Pumps</u> (royalty agreement)

<u>HVAC/R Terminology</u> (royalty agreement)

<u>Combustion Analysis & Fuel Efficiency</u>

<u>Green Awareness</u>

<u>Heat Pump Systems</u>

<u>Gas Heating Systems</u>

<u>Carbon Monoxide: A Clear and Present Danger</u>

7.  For each named Defendant other than Defendant Weiss, for the time period between January 1, 2007 and present, identify each board member, director, officer, and employee, state how long each has been with the respective Defendant, and in the case of officers and employees, include their respective area of responsibility and duties.

**ANSWER**: As noted herein, Defendants Esco Press, Inc. and Educational Standard Corporation have been defunct since prior to January 1, 2007.

ESCO Institute Inc.

| Name | Position | Year of Employment |
|---|---|---|
| Jerry Weiss / President - Overall operations | | Inception |
| James Edge / Secretary-Treasurer - Exam processing | | Inception |
| Jeffrey Ziolo - Customer Service | | 1998 |
| Clifford Morgan / Customer Service | | 2002 |
| Lori Wolff - Accounting | | 2007 |
| Dianne Ziolo - Accounting | | Inception |
| Annette Marcotte - Accounts Receivable | | 2002 |
| Samantha Lojeski - Customer Service | | 2008 |
| Linda Romano - Customer Service | | 2008 |
| Patrick Chidley - Fulfillment / Shipping-Receiving | | 2001 |
| Matthew Hohmeier - Fulfillment / Shipping-Receiving | | 2008 |

8.   Please state the total number of books entitled, "Green Mechanical Systems" printed by Defendants between January 1, 2007 and present.

**ANSWER**: Defendant Esco Institute, Inc. published 1,193 books entitled "Green Mechanical Systems" between January 1, 2007 and present.

9.    Please state the total number of books, presentations, and certification exams related to green mechanical systems sold, distributed, administered, and otherwise given away by Defendants between January 1, 2007 and present.

**ANSWER**: Related to "Green Mechanical Systems": Defendant Esco Institute, Inc. has distributed, by sale or otherwise, approximately 370 books (93 of Version 1 and 277 of Version 2); has conducted 191 exams, 10 of which are the original version; and has made a total of 3 presentations as pilot programs - The first was conducted by the Plaintiff John Hohman and Richard Benkowski in Louisiana for 9 persons, the second was conducted by the Plaintiff John Hohman and Richard Benkowski in Michigan for 64 persons, the third was conducted by the Michael Korcal and Richard Benkowski in Illinois for 7 persons.

10.   Please state the total gross revenue received by Defendants between January 1, 2007 and present related to the sale and distribution of publications on green mechanical systems, sale, distribution and giving of presentations on green mechanical systems, and administering and selling certification examinations related to concerning green mechanical systems.

**ANSWER**: To the extent that it seeks information respecting publications, presentations or examinations that that are not in issue in this litigation, Defendants object to this request as vague, overbroad, and further as seeking information irrelevant to the subject matter of this litigation and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections, and in the interests of cooperation, Defendants answer that Defendant Esco Institute, Inc. has

received $4,550.32 from book sales and $2,135.00 from exam grading fees.

## VERIFICATION

I have read Defendants' Answers to Plaintiffs' First Set of Interrogatories and believe the answers as stated are true and accurate to the best of my personal knowledge, information and belief. For those answers that are based on information that was provided to me by others with knowledge, I believe those to be true and accurate.

Date: _____    _____
                                 Jerry Weiss
                                 ESCO Institute, Inc.

I have read Defendants' Answers to Plaintiffs' First Set of Interrogatories and believe the answers as stated are true and accurate to the best of my personal knowledge, information and belief. For those answers that are based on information that was provided to me by others with knowledge, I believe those to be true and accurate.

Date: _____    _____
                                 Jerry Weiss

As to the objections:

s/ Christopher A. Mitchell/
Christopher A. Mitchell
BUTZEL LONG, P.C.
Attorneys for Defendants
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
tel. (734) 213-3435
mitchellc@butzel.com

Dated: 12 November 2008

13