## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHN E. HOHMAN and
AMY T. URICK,

      Plaintiffs,

v.

ESCO INSTITUTE, INC., et al.,

      Defendants.

Case No. 1:08cv354

Hon. Robert J. Jonker

**JURY TRIAL DEMANDED**

---

Barry C. Kane (P45851)
KANE & CO., PLC
Attorney for Plaintiffs
29 Pearl St. NW
410 Federal Square Building
Grand Rapids, MI 49503
(616) 726-5905 (p)
(616) 726-5906 (f)
bkane@kaneplc.com

Christopher A. Mitchell (P52734)
BUTZEL LONG
Attorney for Defendants
350 S. Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110 (p)
(734) 995-1777 (f)
mitchellc@butzel.com

---

### DEFENDANTS' ANSWERS TO PLAINTIFFS'
### REQUESTS FOR ADMISSIONS NOS. 1 - 28

Pursuant Rule 36 of the Federal Rules of Civil Procedure, Defendants hereby make the following objections and answers to Plaintiffs' First Set of Requests for Admissions.

### GENERAL OBJECTIONS

The following general objections are incorporated into every one of Defendants' answers, and no answer to any individual request waives these general objections.



PLAINTIFF
EXHIBIT
4
Case No. 1:08-CV-354
USDC WD MI

1.      Defendants object to Plaintiffs' requests to the extent they seek to impose obligations and duties upon Defendants which are greater than those imposed by the Federal Rules of Civil Procedure.

2.      Defendants object to Plaintiffs' requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or by any other privilege or immunity from discovery under federal or state statutory, constitutional or common law.  Any inadvertent answers or production of any document or documents that contain information that is privileged, that was prepared in anticipation of litigation or for trial, or that is otherwise immune from discovery shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such statement or document, or the subject matter thereof, or of the right of Plaintiff to object to the use of any such document or information during any subsequent proceeding, hearing or trial.

3.      Defendants object to Plaintiffs' requests to the extent they are vague, ambiguous, overly broad and seek to impose upon Plaintiff an unduly burdensome search for and disclosure of information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of information or evidence admissible at trial.

4.      Defendants object to Plaintiffs' requests to the extent they are duplicative and cumulative.

5.      Defendants specifically reserves all objections as to the competency, relevancy, materiality and admissibility of its answers or documents or the subject matter thereof, all objections as to burdensomeness, vagueness, over breadth and

2

ambiguity and all objections on any ground to the use of any answer or document, or the subject matter thereof, at trial in this action or in any other proceeding.

6.      Production of documents or information responsive to Plaintiffs' requests should not be construed as:  (a) an admission or stipulation that the documents or information is/are relevant; (b) a waiver by Defendants of their General Objections or of the objections asserted in answers to specific requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

7.      Defendants object to the "Definitions" set forth in Plaintiffs' requests to the extent that they purport to impose upon Defendants a duty to search for and/or disclose information or documents that are not within Defendants' knowledge, possession, custody, or control, nor are readily obtainable after a reasonable search.

8.      Defendants object to Plaintiffs' requests to the extent they seek information or materials that are obtainable from other sources that are more convenient, less burdensome and/or less expensive than obtaining them from Plaintiff.

9.      These answers are made solely for the purpose of this lawsuit.   The following answers are based on information and writings presently available to and located by Defendants and their attorneys.   Defendants have not completed their investigation of the facts relating to this matter, have not completed their discovery in this matter, and have not completed their preparation for trial.   Defendants reserve the right to supplement their answers.

## ANSWERS

1.      Admit that no written contract exists between Plaintiffs and Defendants concerning Plaintiffs' authorship of any work related to green mechanical systems.

**ANSWER**: Defendants can neither admit nor deny the implicit assertion that Plaintiffs, or either of them, are "authors," in the copyright sense, of any work related to "green mechanical systems" as the burden of proof respecting the same is Plaintiffs and discovery is ongoing in these regards. Defendants admit that no written contract exists between Defendants and Plaintiffs concerning Plaintiffs' contributions to any work related to green mechanical systems.


2.      Admit that no written documents exist evidencing any transfer of ownership rights from Plaintiffs to Defendants for any book, presentation, or certification exam related to green mechanical systems.

**ANSWER**: Defendants can neither admit nor deny the implicit assertion that Plaintiffs, or either of them, have any "ownership rights" in any work related to "green mechanical systems" as the burden of proof respecting the same is Plaintiffs and discovery is ongoing in these regards. Defendants admit that no written documents exist evidencing any transfer of ownership rights from Plaintiffs to Defendants for any book, presentation, or certification exam related to green mechanical systems.


3.      Admit that Plaintiffs were not employees of Defendants between July 2005 and present.

**ANSWER**: Admitted that both Plaintiffs were not employees of Defendants between July 2005 and present.

4.      Admit that Defendants did not withhold payroll taxes for any payments made to Plaintiffs between January 1, 2007 and present.

**ANSWER**: Admitted that Defendants did not withhold payroll taxes for any payments made to Plaintiffs between January 1, 2007 and present.

5.      Admit that Defendants did not pay unemployment insurance to any state on behalf of Plaintiffs between January 1, 2007 and present.

**ANSWER**: Admitted that Defendants did not pay unemployment insurance to any state on behalf of both of the Plaintiffs between January 1, 2007 and present.

6.      Admit that Plaintiffs were not agents of any Defendant between January 1, 2007 and present.

**ANSWER**: Denied.

7.      Admit that Defendants did not control the content of Plaintiffs work related to green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

8.     Admit that Defendant did not control what content was included in any work produced by Plaintiffs between January 1, 2007 and present and related to green mechanical systems.

   **ANSWER**: Denied.


9.     Admit that Defendants did not control what content was excluded from any work produced by Plaintiffs between January 1, 2007 and present and related to green mechanical systems.

   **ANSWER**: Denied.


10.    Admit that Defendant did not limit Plaintiffs use of reference materials between January 1, 2007 and present concerning any work on green mechanical systems.

   **ANSWER**: Denied.


11.    Admit that Defendants did not supervise Plaintiffs' creation of any work related to green mechanical systems between January 1, 2007 and present.

   **ANSWER**: Denied.


12.    Admit that Defendants did not supervise Plaintiffs' creation of any work on a daily basis related to green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

13. Admit that Defendants did not supervise Plaintiffs' creation of any work on a weekly basis related to green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

14. Admit that Defendants did not supervise Plaintiffs' creation of any work on a monthly basis related to any green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

15. Admit that Defendants did not control Plaintiffs' creation of any work related to green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

16. Admit that Defendants did not control the hiring of any assistants used by Plaintiffs for any work related to green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

17.     Admit that Defendants did not control how Plaintiffs' paid of any assistants used by them in the creation of any work related to green mechanical systems between January 1, 2007 and present.

**ANSWER**: Defendants can neither admit nor deny the implicit assertion that Plaintiffs, or either of them, "created," in the copyright sense, any work related to "green mechanical systems" as the burden of proof respecting the same is Plaintiffs and discovery is ongoing in these regards. Admitted that Defendants did not control how Plaintiffs' paid any assistants used by them in the creation of any work related to green mechanical systems between January 1, 2007 and present.


18.     Admit that Defendants did not control the assignment of other projects to Plaintiffs between January 1, 2007 and present.

**ANSWER**: Defendants can neither admit nor deny this request as the same is rendered ambiguous and unintelligible by the undefined phrase "other projects."


19.     Admit that not one of the Defendants contributed any text or graphic to any version of text, test or presentation on green mechanical systems between January 1, 2007 and present.

**ANSWER**: Denied.

20.     Admit that Defendants did not make any payment for Social Security taxes on behalf of Plaintiffs between January 1, 2007 and present.

**ANSWER**: Admitted that Defendants did not make any payment for Social Security taxes on behalf of Plaintiffs between January 1, 2007 and present.

21.     Admit that Defendants did not offer Plaintiffs any employee benefits between January 1, 2007 and present.

**ANSWER**: Defendants can neither admit nor deny this request as the same is rendered ambiguous and unintelligible by the undefined phrase "employee benefits."

22.     Admit that Defendants did not make any contribution to any worker's compensation insurance program for the benefit of Plaintiffs.

**ANSWER**: Admitted that Defendants did not make any contribution to any worker's compensation insurance program for the benefit of Plaintiffs.

23.     Admit that Defendants did not expressly order any work from Plaintiff Hohman related to green mechanical systems.

**ANSWER**: Denied.

24.     Admit that Defendants did not specially commission Plaintiff Hohman to create any work on green mechanical systems between January 1, 2007 and present.

**ANSWER**: Defendants can neither admit nor deny this request as the same is rendered ambiguous and unintelligible by the undefined phrase "specially commission." Without waiving the foregoing objection, the request is, insofar as it is understood, denied.

25.     Admit that Defendants offered to pay Ferris State University royalties on revenues received from the sale of any publication on green mechanical systems listing Ferris State University professors as contributors.

**ANSWER**: Denied that Defendants offered to pay Ferris State University royalties on revenues received from the sale of any publication on green mechanical systems listing Ferris State University professors as contributors.

26.     Admit that Defendants offered to pay royalties to Ferris State University on revenues received from the sale and distribution of written materials, or any presentation on green mechanical systems.

**ANSWER**: Defendants can neither admit nor deny this request as the same is rendered ambiguous and unintelligible by the undefined phrase "of written materials." Without waiving the foregoing objection, the request is, insofar as it is understood, denied.

10

27.    Admit that Defendants offered to pay royalties to HVAC Excellence on revenues received by Defendants from the sale or distribution of written materials, or any presentation on green mechanical systems.

**ANSWER**: Defendants can neither admit nor deny this request as the same is rendered ambiguous and unintelligible by the undefined phrase "of written materials." Without waiving the foregoing objection, the request is, insofar as it is understood, denied.

28.    Admit that Defendants offered to pay royalties to the Green Mechanical Counsel on revenues received from the sale and distribution of written materials, or any presentation on green mechanical systems.

**ANSWER**: Defendants can neither admit nor deny this request as the same is rendered ambiguous and unintelligible by the undefined phrase "of written materials." Without waiving the foregoing objection, the request is, insofar as it is understood, denied.

Respectfully submitted,

s/ Christopher A. Mitchell/
Christopher A. Mitchell
BUTZEL LONG, P.C.
Attorneys for Defendants
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
tel. (734) 213-3435
mitchellc@butzel.com

Dated: 12 November 2008

11